[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT #105
On February 16, 1996, the plaintiff, The Typehouse, Inc., filed a one count complaint against the defendant, Bank of Boston, alleging the following facts. In a previous action, Typehouse received a judgment on July 20, 1994 in the amount of $5,097.00 with $240.00 in costs, against Technographic Art, Inc., a depositor at Bank of Boston. On February 18, 1994, Typehouse sought satisfaction of the judgment by serving a writ of execution, pursuant to General Statutes § 52-367a, on Bank of Boston seeking recovery of any sums held by the bank for Technographic. Bank of Boston refused payment.
On November 21, 1996, Bank of Boston moved for summary judgment. According to Bank of Boston, the next banking day after service of the execution was February 21, 1994, at which time, the bank states that Technographic owed $165,000 and guaranteed a mortgage provided to Bank of Boston by Fred Lev and Steve Bachleda. Timothy Broderick, Bank of Boston's Vice President, avers in his affidavit that Technographic was in default on these obligations because it was insolvent. Because Technographic was in default, Bank of Boston argues that it possessed a right to setoff any amounts contained in Technographic's accounts against its indebtedness. After receiving the execution and before midnight on February 21, Bank of Boston claims that i it timely exercised this right of setoff. Accordingly, Bank of Boston CT Page 2998 claims that judgment should enter in its favor.
On December 12, 1996, Typehouse filed a memorandum of law in opposition which argues that Technographic's debts were not in default and, therefore, Bank of Boston did not have the equitable right to set off the amounts contained in Technographic's accounts to its loans.
At oral argument on February 18, 1997, Bank of Boston raised the issue that the loan agreement that it entered into with Technographic permitted it an unfettered right of setoff against any amounts contained in Technographic's savings or checking accounts. Therefore, Bank of Boston argues that because it possessed this contractual right of setoff, it does not have to demonstrate that Technographic was in default under its obligations.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Barrett v. Danbury Hospital, 232 Conn. 242,250 (1995). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact."Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105 (1994).
Bank of Boston's Legal Right of Setoff
"The right of setoff, although it may arise out of a written instrument, is a common law equitable right that is not itself a written instrument. A setoff involves the equitable right to cancel or offset mutual debts or cross demands, commonly used by a bank in reducing a customer's checking or other deposit account in satisfaction of a debt the customer owes the bank." NormandJosef Enterprises, Inc. v. Connecticut National Bank,230 Conn. 486, 494 (1994). "Mutual debts . . . are cross debts in the same capacity and right and of the same kind and quality." Sullivan v.Merchants National Bank, 108 Conn. 497, 500 (1928). "It is generally held that set-off under the ordinary statute applies to debts which are present obligations, not to debts of which, though otherwise mutual, one of them is not yet due." Id. A CT Page 2999 setoff, however, is permitted where one of the debtors is adjudicated insolvent. Id., 503. When a bank has been served with an execution pursuant to § 52-367a, the bank has until midnight of the next banking day to exercise a right of setoff it possesses before complying with the execution. Normand JosefEnterprises, Inc. v. Connecticut National Bank, supra,230 Conn. 503.
The defendant argues in support of the motion for summary judgment that Technographic was in default under its obligations to the bank because it was insolvent. See Plaintiff's Memorandum of Law in Support of its Motion for Summary Judgment, November 19, 1996, p. 2; see also Timothy Broderick's Affidavit, November 14, 1996, para. 6. To demonstrate Technographic's insolvency, the defendant refers to a balance sheet prepared on behalf of Technographic for the period of January 1, 1993 to September 30, 1993. (Defendant's Exhibit 2, Balance Sheet of Technographic, November 1, 1993). Since this balance sheet was prepared for the period ending on September 30, 1993, it fails to demonstrate that Technographic was insolvent when the plaintiff served the writ of execution on February 18, 1994. Therefore, since Bank of Boston is relying on Technographic's insolvency to establish its legal right of setoff and because Bank of Boston has failed to prove such insolvency, Bank of Boston has not demonstrated that it possessed a right of setoff against Technographic's accounts when the execution was served on February 18, 1994.
Moreover, when the Supreme Court of Connecticut held that a bank may exercise a right of setoff against an insolvent debtor it stated that "we must be understood to refer to his insolvency predicated upon an adjudication of insolvency. The rule of equity should not be stretched to cover a case where the debtor was in fact insolvent, but not so confessed or found in a legal proceeding." Sullivan v. Merchants National Bank, supra,108 Conn. 503. Since the parties have not submitted satisfactory evidence indicating that Technographic was adjudicated insolvent, Bank of Boston has not demonstrated that it possessed a legal right of setoff against Technographic.
Bank of Boston's Contractual Right of Set-Off
Bank of Boston's loan agreement with Technographic provides "[d]ebtor hereby grants to Secured Party a right of set-off against all monies, deposits and securities and the proceeds thereof, now or hereafter held or received by, or in transit to, CT Page 3000 Secured Party from or for Debtor, whether for safekeeping, pledge, custody, transmission, collection or otherwise, and all deposits (general or special), balances, sums and credits with and all claims of Debtor against Secured Party at any time existing. Secured Party may at; any time apply the same or any part thereof to the Obligations, or any part thereof, whether or not matured at the time of such application." (Bank of Boston's Exhibit 1, Amended and Restated Loan and Security Agreement, para. 15). According to Bank of Boston, the above language provides it with an unfettered right of setoff which it timely exercised before midnight of the next banking day after it received the execution.
In First National Bank, Etc. v. Appalachian Industries,247 S.E.2d 422, 425 (Ga.Ct.App. 1978), the court of appeals of Georgia permitted the bank to offset the defendant's checking account deposits against the unmatured portion of the defendant's indebtedness because of language contained in the defendant's checking account agreement. The agreement stated that "[t]he bank may charge any indebtedness of the depositor to the bank, whether or not matured against this account if the bank deems itself insecure with respect to any such indebtedness." Id. The court stated, "[w]e know of no reason why this language should be held unenforceable. Although there are no Georgia authorities on point, the general rule in other jurisdictions is that such language is enforceable . . . The provision is, of course, subject to the general requirement of good faith in its enforcement as set forth in the UCC." Id.
Since Bank of Boston first raised this issue at oral argument, it has not been adequately briefed by the parties and such an opportunity should at least have been provided to opposing counsel. Although it appears that Bank of Boston's agreement with Technographic may be enforceable as between the parties to the contract, the issue remains to be decided as to the interplay of Bank of Boston's contractual right of setoff and Typehouse's right to serve an execution on Technographic's accounts.[1] Moreover, the parties have not demonstrated to the court that Bank of Boston's exercise of its contractual right of setoff was performed in good faith or whether such a requirement exists in this situation. Accordingly, the court denies the motion for summary judgment because it has not been demonstrated that Bank of Boston is entitled to judgment as a matter of law.
Samuel S. Freedman, Judge CT Page 3001